UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY KAMINSKY,<br><br>                          Plaintiff,<br><br>v.<br><br>CISA, INC. aka CYBERSECURITY AND INFRASTRUCTURE SECURITY AGENCY; CW SACRAMENTO FEDERAL BUREAU OF INVESTIGATIONS; META PLATFORMS, INC. aka FACEBOOK,<br><br>                        Defendants. | Case No.:  24-CV-0286-JO-VET<br><br>**ORDER: (1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS; (2) SCREENING PURSUANT TO 28 U.S.C. § 1915** |

    Plaintiff Casey Kaminsky, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that federal agencies and private entities violated her First Amendment rights when they censored her social media postings on her Facebook accounts. Dkt. 4, First Amended Complaint ("FAC"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. Dkts. 2–3. For the reasons stated below, the Court grants Plaintiff's IFP request, dismisses her complaint under 28 U.S.C. § 1915(e)(2), and denies her motion to appoint counsel.

/ / /

## I. BACKGROUND

Plaintiff complains that various federal agencies such as the Federal Bureau of Investigations and the Cybersecurity and Infrastructure Security Agency along with Meta Platforms Inc. (commonly known as Facebook) and the Election Integrity Project[1] violated her constitutional rights by censoring her work and personal Facebook posts. FAC at 5–13. Plaintiff alleges that between March 12, 2020 and December 16, 2021, these Defendants conspired and worked together to unconstitutionally censor forty of Plaintiff's Facebook posts containing political speech about Covid-19 vaccinations, Black Lives Matter, and the 2020 election. FAC at 6, 14.

Based on these facts, Plaintiff filed a lawsuit pursuant to 42 U.S.C. §§ 1983 and 1985 alleging Defendants violated her First Amendment right to free speech. FAC at 15–18.

## II. MOTION TO PROCEED IFP

A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915; *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Plaintiffs in the Southern District of California seeking to proceed IFP must establish their inability to pay by filing an affidavit that includes a statement of all income and assets. *See* CivLR 3.2(a); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An affidavit is "sufficient where it alleges that the plaintiff cannot pay the court costs and still afford the necessities of life." *Id.* (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No. 19-1812, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

---

[1] Although Plaintiff's FAC does not list Defendant Election Integrity Project in the caption, the Court construes Plaintiff's FAC as an attempt to add this additional defendant based on her reference to "Defendant Election Integrity Project's Involvement" in the table of contents and the reference to the "Election Integrity Partnership" in her factual allegations. *See* FAC at 6, 17; *cf.* Dkt. 1, Pl.'s Compl.

In support of her IFP motion, Plaintiff has filed an affidavit explaining her financial circumstances and inability to pay. Dkt. 2. Plaintiff indicates she is self-employed, and her monthly income is $400.00. *Id.* at 2. She also indicates she has a total of $0.88 in her bank account and no other assets. *Id.* at 2, 3. In addition, Plaintiff's monthly expenses exceed her monthly income by $771. *Id.* at 3, 5. The Court finds that the affidavit has "sufficiently show[n] that [s]he lacks the financial resources to pay filing fees." *Dillard v. So*, No. 12-2958, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013).

Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### III. LEGAL STANDARDS

**A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Because Plaintiff is granted leave to proceed IFP, her Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP is subject to a mandatory and *sua sponte* review and dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.") "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

/ / /

# IV. DISCUSSION

Upon screening Plaintiff's FAC, the Court finds that Plaintiff has failed to state claims under §§ 1983 and 1985 because she focuses on actions by federal agencies and their alleged co-conspirators and thus, fails to allege any actions taken under "color of state law." To the extent this *pro se* Plaintiff seeks to bring a *Bivens* claim, the *Bivens* claim also fails because Plaintiff has only asserted allegations against federal agencies and private corporations—not any individual federal actors.

**A. Plaintiff's §§ 1983 and 1985 Claims**

Plaintiff's §§ 1983 and 1985 claims fail because she has not alleged that state actors, rather than federal actors or private entities, conspired to violate her constitutional rights.

To state a claim under § 1983, a plaintiff must plead both "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting *under color of state law.*" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added). A defendant acts "under color of state law" where he, she, or it "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citation and quotation marks omitted). Private parties "may be considered to have acted under color of state law when [they] engage[] in a conspiracy or acts in concert with state agents to deprive one's constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 437 (9th Cir. 1983). 42 U.S.C. § 1985(3) provides a cause of action to anyone who is injured by a conspiracy to deprive them of their constitutional rights but "at least one of the wrongdoers in the alleged conspiracy [must] be a state actor" in order to be liable under its provisions, *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 337 (2021) (citing to 42 U.S.C. § 1985(3)).

Here, Plaintiff has not alleged that any state actors were involved in the violations of her constitutional rights. Plaintiff brings this action against two federal agencies, the Sacramento branch of the Federal Bureau of Investigations and the Cybersecurity and

Infrastructure Security Agency, and two private entities, Meta Platforms, Inc. and the Election Integrity Project. FAC at 7–13. She has not identified any state actors who violated her rights, nor alleged that the private entity defendants conspired with state actors as opposed to federal agencies. *See* FAC. She therefore fails to state a claim under §§ 1983 and 1985 because the statutes do not authorize claims against federal agents or private entities who allegedly conspired with them. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (Because federal agents act pursuant to federal law, not state law, § 1983 precludes liability for federal agents.); *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 830 (1983) (concluding that "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state.")

The Court dismisses these claims against all Defendants without leave to amend. The Court finds that amendment would be futile here because no amendment could cure the fact that Plaintiff's §§1983 and 1985 claims against federal actors and their alleged co-conspirators are legally invalid. *See Morse*, 118 F.3d at 1343 ("[Plaintiff's] complaint is invalid on its face in its reliance upon § 1983 as a cause of action against alleged federal government actors."); *see also Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.") (internal citations omitted.)

**B. Plaintiff's *Bivens* Claim**

To the extent Plaintiff, proceeding *pro se*, intended to bring a *Bivens* claim against the federal actors, the Court concludes that this claim also fails as a matter of law.

Plaintiffs can bring constitutional violations claims against federal actors under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Such claims are the "federal analogue" to § 1983 claims against state actors. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006); *Iqbal*, 556 U.S. at 675–76. To state a *Bivens* claim, the plaintiff must allege facts showing that: (1) a right secured by the

Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). *Bivens* claims, however, can only be brought against federal officers in their individual capacity; these claims cannot stand against the United States, or any of its departments, offices, or agencies. *Daly-Murphy v. Winton*, 837 F.2d 348, 355 (9th Cir. 1987); *FDIC v. Meyer*, 510 U.S. 471, 485 (1994). "[T]he purpose of *Bivens* is to deter the officer," not the agency. *Meyer*, 510 U.S. at 485.

Here, because Plaintiff has not named individual federal officers as defendants—as discussed above she names only two federal agencies and two private entities—this action cannot proceed as a matter of law. The Court therefore dismisses this claim.

Even if Plaintiff were to amend and name individual federal officers as defendants, she would still fail to state a claim under *Bivens*. The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *Ziglar v. Abbasi*, 582 U.S 120, 134 (2017). Since *Bivens* was decided, the Supreme Court has expressly recognized an implied cause of action in only three types of cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. Here, Plaintiff's complaint alleges violations of her First Amendment rights, which has not been authorized by the Supreme Court as a valid basis for a *Bivens* action. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) (rejecting a First Amendment retaliation claim against a U.S. Border Patrol agent on the grounds that Congress was better suited to authorize such a damages remedy).

Thus, Plaintiff's *Bivens* claim is also dismissed without leave to amend. *Chaset v.*

*Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").

## V. CONCLUSION

For the reasons discussed above, the Court hereby:

1. **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Dkt. 2.

2. **DISMISSES** Plaintiff's FAC in its entirety without leave to amend. Dkt. 4.

3. **DENIES** Plaintiff's motion to appoint counsel. Dkt. 3. For the reasons discussed above, Plaintiff's claims are legally invalid and therefore do not have a likelihood of success. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (establishing that requests for appointment of counsel are granted only in "exceptional circumstances," after an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved") (internal citations omitted).

4. **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: July 8, 2024

_____
Honorable Jinsook Ohta
United States District Judge